UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: MIDLAND CREDIT MANAGEMENT, INC., TELEPHONE CONSUMER PROTECTION ACT LITIGATION | Case No. 11-md-2286-MMA (MDD)<br><br>**ORDER RE: JOINT MOTION TO VOLUNTARILY DISMISS SECOND CONSOLIDATED AMENDED COMPLAINT AND RELATED MEMBER CASES**<br><br>[Doc. No. 787] |

Lead Plaintiff Emir Fetai ("Fetai") and Defendants Midland Credit Management, Inc., Midland Funding LLC, and Encore Capital Group, Inc. (collectively, "Defendants") jointly move for "voluntary dismissal of the Second Consolidated Amended Complaint in this action (Dkt. No. 651), in its entirety, with prejudice to the rights of Lead Plaintiff Emir Fetai and without prejudice to the rights of the putative class, with the parties to bear their own costs."  Doc. No. 787 at 2.[1]  Fetai and Defendants also move "to dismiss the member actions of Curtis Bentley ["Bentley"], 16-cv-2157-MMA (MDD), and

---

[1] All citations refer to the pagination assigned by the CM/ECF system.  All docket references refer to the docket of this multidistrict litigation ("MDL") unless otherwise noted.

William Baker ["Baker"], 16-cv-2768-MMA (MDD)." *Id.* at 3.  The Court addresses the parties' request for dismissal with respect to each Plaintiff in turn.[2]

### I. PLAINTIFF FETAI

There appear to be two related fundamental problems with Fetai's "action" against Defendants.  First, the Court does not appear to have jurisdiction over Fetai's action because the Judicial Panel on Multidistrict Litigation ("Panel" or "JPML") never transferred Fetai's action to the MDL.  *See* 28 U.S.C. § 1407(a) (stating that the Panel authorizes transfers).  Second, and relatedly, Fetai appears to lack a separate action that could be consolidated or coordinated within this MDL because of his original action's voluntary dismissal in the Eastern District of Wisconsin.  *See In re Korean Air Lines Co., Ltd.*, 642 F.3d 685, 700 (9th Cir. 2011) ("Within the context of MDL proceedings, *individual cases that are consolidated or coordinated for pretrial purposes remain fundamentally separate actions*, intended to resume their independent status once the pretrial stage of litigation is over." (emphasis added)); *see also Fetai v. Midland Credit Management Inc.*, No. 2:18-cv-01564-DEJ (E.D. Wis.), ECF No. 5.

Here, it appears that Fetai has not adhered to the procedures necessary to properly become part of this MDL.  *See In re FCA US LLC Monostable Elec. Gearshift Litig.*, No. 16-md-2744, 2017 WL 6402992, at *4 (E.D. Mich. Mar. 21, 2017).  After the Panel deemed Fetai's action as inappropriate for inclusion as part of the MDL, *see* JPML No. 2286 Doc. No. 1078, no party moved for transfer of his then-existing individual action into the MDL pursuant to JPML Rule 7.1(b)(i).  Alternatively, Fetai failed to become part of any other member case already within the MDL by means of a member Plaintiff amending her or his individual complaint to add Fetai as a Plaintiff.  Regardless of Defendants' consent or indifference to Fetai's procedural missteps, the Court has an

---

[2] The Court construes the parties request for "voluntary dismissal of the Second Consolidated Amended Complaint in this action," Doc. No. 787 at 2, as a request to dismiss the respective Plaintiffs' claims. Because the Court dismisses the Second Consolidated Amended Complaint's underlying member claims, the Court **STRIKES** the Second Consolidated Amended Complaint.

obligation to only adjudicate claims that are within its subject matter jurisdiction, brought by parties over whom the Court may properly exercise personal jurisdiction. Thus, the Court lacks the necessary jurisdiction over Fetai. Accordingly, irrespective of the reasons set forth in the parties' joint motion, the Court **DISMISSES** Fetai's and the putative class's claims **without prejudice** based on lack of jurisdiction.

## II. PLAINTIFF BAKER

The parties have styled this joint motion as one being brought by Fetai and Defendants. The motion does not state explicitly whether Baker joins in the motion. The Court previously granted Defendants' motion to compel arbitration and stayed Bentley's and Baker's individual member cases. *See* Doc. No. 669 at 17–18. However, "no arbitration commenced because the parties resolved their dispute shortly after the motion to compel arbitration was granted." Doc. No. 787 at 2. Additionally, Baker died on November 17, 2018. *See Baker v. Midland Credit Management Inc.*, No. 16-cv-2768-MMA (MDD) (S.D. Cal.), ECF No. 15. Defendants served a Notice of Suggestion of Death on Baker's estate representative. *See Baker*, 16-cv-2768-MMA (MDD), ECF No. 17. Because no party made a motion for substitution within 90 days after service, Baker's action must be dismissed. *See* Fed. R. Civ. P. 25(a)(1). Accordingly, the Court **DISMISSES** Baker's member case (16-cv-2768-MMA (MDD)) **with prejudice** as to Baker and **without prejudice** as to the putative class.

## III. PLAINTIFF BENTLEY

The motion does not state explicitly whether Bentley joins in the motion. However, the attorney caption information on the joint motion reveals that Fetai and Bentley have the same counsel. *See* Doc. No. 787 at 1. Thus, pursuant to Federal Rule of Civil Procedure 11(b) and Civil Local Rule 83.3.f.1, the Court construes the motion as being also brought by Bentley. Accordingly, the Court **DISMISSES** Bentley's member case (16-cv-2157-MMA (MDD)) **with prejudice** as to Bentley and **without prejudice** as to the putative class.

///

## IV. CONCLUSION

For the foregoing reasons, the Court **DISMISSES** Fetai, Baker's member case (16-cv-2768-MMA (MDD)), and Bentley's member case (16-cv-2157-MMA (MDD)). Each party shall bear its own costs. The Court **DIRECTS** the Clerk of Court to terminate member cases 16-cv-2768-MMA (MDD) and 16-cv-2157-MMA (MDD) in their entirety. The Court **DIRECTS** the Clerk of Court to file this Order on the dockets of 11-md-2286-MMA (MDD), 16-cv-2768-MMA (MDD), and 16-cv-2157-MMA (MDD).

**IT IS SO ORDERED**.

Dated: July 2, 2020

*/s/ Michael M. Anello*
HON. MICHAEL M. ANELLO
United States District Judge